# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARREN ACKERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17CV2016 RLW |
| ) | |
| JANSSEN PHARMACEUTICALS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiffs' Second Motion to Remand (ECF No. 13). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs filed this action in the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri, on February 28, 2017. Plaintiffs allege injuries resulting from Plaintiffs' use of Risperdal® in any of its forms, including Risperdal CONSTA® and/or Invega®. Plaintiffs are citizens of the States of Missouri, New Jersey, Alabama, Kentucky, Texas, Ohio, Louisiana, New York, Mississippi, Georgia, Pennsylvania, North Carolina, Tennessee, Kansas, Arizona, Illinois, Indiana, Connecticut, Delaware, Oklahoma, Colorado, and West Virginia. Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Research & Development, LLC; and Patriot Pharmaceuticals, LLC (collectively "Removing Defendants") are citizens of New Jersey and Pennsylvania.

On April 12, 2017, Defendants first removed this action to this Court, based in part on diversity jurisdiction under 28 U.S.C. §1332(a). *See Ackerson, et al. v. Janssen Pharms., Inc., et al*, No. 4:17-cv-01303-JCH. The Court found that subject matter jurisdiction was lacking and

remanded the case on May 3, 2017. *See Ackerson*, No. 4:17-cv-01303-JCH, 2017 WL 1684763 (E.D. Mo. May 3, 2017). On July 19, 2017, Defendants removed this case for a second time asserting that all of the non-Missouri plaintiffs should be dismissed from the case and the Court's diversity jurisdiction would apply to the remaining Missouri plaintiffs' claims. (ECF No. 1)

Defendants' impetus for the second removal was the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1777 (2017). In that case, the Supreme Court held that state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs. Defendants also rely on orders by the district court in *Jordan v. Bayer Corp.*, No. 4:17-CV-865 (CEJ), 2017 WL 3006993 (E.D. Mo. July 14, 2017) and *Siegfried v. Boehringer Ingelheim Pharms., Inc.*, No. 4:16CV1942 CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017). In these cases, the claims of non-resident plaintiffs similar to the present case were dismissed based on the *Bristol-Myers* decision.[1]

Defendants' legal ground for their second attempt to remove this action is the order or other paper exception to the time limitation for removal set forth in 28 U.S.C. §1446(b)(3). Under § 1446, a case must be removed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §1446(b)(1). When an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt

---

[1] The decisions in *Jordan* and *Siegfried* were issued after the Supreme Court's ruling in *Bristol-Myers*. Neither case involved the issue of removal under 28 U.S.C. § 1446(b)(3) or (c)(1). Furthermore, there is currently a motion for reconsideration pending in *Jordan*.

by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

Defendants assert that the ruling in *Bristol-Myers* qualifies as an order and/or other paper because it changed the legal landscape by clarifying that specific jurisdiction over the non-Missouri Plaintiffs does not exist and thus triggers a new 30-day period for removal under Section 1446(b)(3). The orders and other paper exception, however, is predominantly limited to orders and other paper issued in the individual case that is being removed. Orders and rulings in separate cases with different parties do not trigger the recommencement of the 30-day limit. *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case."); *Erhart v. Bayer, Corp.*, No. 4:17-CV-1996-SNLJ, 2017 WL 4280635, at *4 (E.D. Mo. Sept. 27, 2017) ("This Court is required to remand this action to state court under 28 U.S.C. § 1446 because the second notice of removal (#1) was not filed within thirty days of defendants receiving a copy of the original state court filing, and no 'order or other paper' triggered a new removal period."); *Dotson v. Bayer Corp.*, No. 4:17cv1986 RWS (ECF No. 50, Nov. 17, 2017); *Tabor v. Bayer Corp.*, No. 17cv1997 RWS (ECF No. 49, Nov. 17, 2017). As a result, Defendants' removal of this matter for a second time was procedurally improper, and the Court will grant Plaintiffs' Second Motion to Remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion to Remand (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**IT IS FINALLY ORDERED** that all other motions are **DENIED** as moot.

Dated this 29th day of November, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**